## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:07CR454-HEH |
| | ) | |
| MICHAEL EDWARD LEE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION
#### (Granting Defendant's Motion to Dismiss Government's Notice of Appeal)

Defendant Michael Edward Lee was charged with possession of marijuana on a

U.S. military reservation. The marijuana in question was suppressed by Magistrate Judge

Dennis W. Dohnal following an evidentiary hearing on November 6, 2007. In the same

Order the Court dismissed the charge. The government subsequently noted its appeal of

the Magistrate Judge's decision to suppress the evidence on November 16, 2007. This

matter is before the Court on Defendant's Notice to Dismiss Government's Motion of

Appeal of Magistrate's Suppression of Evidence, filed on November 26, 2007. The Court

will dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the Court, and argument would not aid in the decisional

process. For the reasons stated herein, the Court will grant Defendant's motion to dismiss

the government's appeal.

### I. Background

A federal grand jury named Michael Edward Lee in a four-count indictment on

August 21, 2007. He was charged with assault resulting in serious bodily injury, assault

by striking, beating, and wounding, possession of marijuana, and being drunk in public.

These crimes allegedly took place on the grounds of Fort Lee, within the special territorial

jurisdiction of the United States, on March 5-6, 2007. The defendant was arraigned by

this Court on August 29, 2007 and requested a trial by jury. The government

subsequently moved to dismiss the two assault counts and those charges were dismissed

on October 31, 2007. Since the two remaining charges were petty offenses, the matter

was transferred to Magistrate Judge Dohnal for trial.

The defendant pled guilty to being drunk in public, but contended that Fort Lee

military police officers discovered the marijuana as the result of a constitutionally-flawed

search and moved to suppress the evidence. The Magistrate Judge held an evidentiary

hearing on November 2, 2007. At the conclusion of the hearing, the Magistrate Judge

indicated that he was inclined to suppress the evidence, but he intended to take the motion

under advisement and issue a written opinion. The assigned Assistant United States

Attorney did not indicate her intention at the hearing to seek an interlocutory appeal if the

evidence was suppressed, nor did she contact chambers during the four days in-between

the hearing and entry of the Magistrate Judge's written opinion.

On November 6, 2007, the Magistrate Judge issued a Memorandum Opinion in

which he found the marijuana was seized in violation of the defendant's Fourth

Amendment rights. An accompanying Order granted the defendant's motion to suppress

2

the evidence. The Magistrate Judge added that "Count Three is necessarily DISMISSED. There being no other pending charges or issues, this case is CLOSED." Count Three charged the defendant with possession of marijuana.

The government noted a timely appeal of the Magistrate Judge's suppression of evidence on November 16, 2007, but did not file a motion appealing the dismissal of Count Three. Soon thereafter, the defendant moved to dismiss the appeal, arguing that the Magistrate Judge's dismissal of the possession of marijuana charge was an acquittal. According to the defendant, the appeal of the suppression of evidence is ineffectual because the government has not moved to vacate the dismissal and because jeopardy has attached. This Court ordered additional briefing by the parties on the issue of its authority to hear the appeal in light of the Magistrate Judge's Order. The matter is now ripe for disposition.

### III. Analysis

After the assault charges against Lee were dismissed on the government's motion, only the petty offense charges of public drunkenness and possession of marijuana remained. Those charges were transferred to Magistrate Judge Dohnal for trial. *See* 28 U.S.C. § 636 ("Each United States magistrate . . . shall have . . . the power to enter a sentence for a petty offense."). When an order is entered by a magistrate in a petty offense case, it may be appealed to a district judge within ten days "if a district judge's order could similarly be appealed." Fed. R. Crim. P. 58(g)(2)(A).

The government may seek an interlocutory appeal of an order suppressing evidence pursuant to 18 U.S.C. § 3731. The statute states, in pertinent part, that the government may appeal the suppression so long as the order was not issued "after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information." *Id.* The government attempts to utilize this portion of the statute to appeal the Magistrate Judge's suppression of evidence. However, the appeal sought by the government is not interlocutory in nature, because the Court dismissed Count Three of the Indictment when the evidence was suppressed. Consequently, no current charges are pending against Lee.

A separate clause in 18 U.S.C. § 3731 allows the government to appeal the dismissal of an indictment so long as the Fifth Amendment's Double Jeopardy Clause is not implicated. The government could have used this portion of § 3731 to appeal the dismissal assuming jeopardy had not previously attached, but the government apparently elected not to do so. The government's one paragraph motion is entitled "Government's Notice of Appeal of Magistrate's Suppression of Evidence" and seeks only "[a]ppeal of Judge Dennis Dohnal's suppression of evidence." Nowhere has the government expressed an intention to appeal the dismissal.

The government asks this Court, therefore, to review the suppression of evidence in a case that has been dismissed without asking that the dismissal also be vacated. Without a viable action pending, Article III of the Constitution prohibits such review.

4

Under these circumstances, any opinion by this Court as to the legality of the evidence seizure would be purely advisory. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (holding that a "hypothetical judgment" is equivalent to an advisory opinion).

The government states in its brief that it is "well-settled that a district court's dismissal of charges after suppression of evidence is appealable." In support, the government cites *United States v. Robinson*, 593 F.2d 573 (4th Cir. 1979) and *United States v. Loud Hawk*, 474 U.S. 302 (1986), and states that both cases represent an appeal of a suppression order and a dismissal. It is indeed well-settled that a dismissal after suppression of evidence is appealable and both cases do stand for that proposition. However, both cases are distinguishable from the circumstances at hand because the government here has not appealed *the dismissal*, only the suppression of evidence.

Had the government appealed both the dismissal and the suppression of evidence, as it did in *Robinson* and *Loud Hawk*, this Court would have jurisdiction to hear the appeal. Since only the suppression of evidence has been appealed, no active case or controversy exists that would permit this Court to review the Magistrate Judge's ruling. The issue of whether the appeal is also barred because jeopardy has attached need not be reached.

## IV. Conclusion

For the reasons stated above, Defendant's motion is granted. The Court

is without jurisdiction to review the Magistrate Judge's suppression of evidence.  An

appropriate Order will accompany this Memorandum Opinion.


                                        /s/
                                   Henry E. Hudson
                                   United States District Judge


ENTERED this _8th_ day of _Feb. 2008_.
Richmond, VA